# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

FILED CLERK
U.S. DISTRICT COURT

05 SEP 22 AM 11:20

TEXAS-EASTERN
BY _____

| | |
|---|---|
| WHEELOCK, INC., § § Plaintiff, § § v. § § SIEMENS BUILDING TECHNOLOGIES, § INC. (d/b/a FARADAY) § § Defendant. § | Civil Action No. 2-05cv 454<br><br>JURY DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, WHEELOCK, INC. ("WHEELOCK"), by and through its attorneys, brings this action against Defendant, SIEMENS BUILDING TECHNOLOGIES, INC. (d/b/a FARADAY) ("SIEMENS") alleging as follows:

### The Parties

1. WHEELOCK is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 273 Branchport Avenue, Long Branch, New Jersey 07740.

2. Upon information and belief, SIEMENS is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 8 Fernwood Road, Florham Park, New Jersey 07932, and is doing business in this judicial district and elsewhere. SIEMENS may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## Jurisdiction and Venue

3. This civil action for patent infringement, injunctive relief and damages arises under the patent laws of the United States, Title 35, United States Code, §§ 1, et seq. This Court has exclusive jurisdiction under Title 28, United States Code, particularly §§ 1331 and 1338(a).

4. Venue is proper under Title 28, United States Code §§ 1391(b) and (c), and 1400(b).

## Wheelock's Patents

5. On March 4, 1997, United States Patent No. 5,608,375, entitled "SYNCHRONIZED VISUAL/AUDIBLE ALARM SYSTEM" ("the '375 patent"), was duly and legally issued to inventor Joseph Kosich. The entire right, title and interest to the '375 patent, including the right to sue and recover for past infringement thereof, is assigned to and is owned by WHEELOCK. The '375 patent is valid and enforceable. A true and correct copy of the '375 patent is attached hereto as Exhibit A.

6. On May 12, 1998, United States Patent No. 5,751,210, entitled "SYNCHRONIZED VIDEO/AUDIO ALARM SYSTEM" ("the '210 patent"), was duly and legally issued to inventor Joseph Kosich. The entire right, title and interest to the '210 patent, including the right to sue and recover for past infringement thereof, is assigned to and is owned by WHEELOCK. The '210

patent is valid and enforceable. A true and correct copy of the '210 patent is attached hereto as Exhibit B.

7. On November 9, 1999, United States Patent No. 5,982,275, entitled "SYNCHRONIZED VIDEO/AUDIO ALARM SYSTEM" ("the '275 patent"), was duly and legally issued to inventor Joseph Kosich. The entire right, title and interest to the '275 patent, including the right to sue and recover for past infringement thereof, is assigned to and is owned by WHEELOCK. The '275 patent is valid and enforceable. A true and correct copy of the '275 patent is attached hereto as Exhibit C.

8. The '375 patent, the '210 patent and the '275 patent will collectively be referred to as "Wheelock's Patents."

## SEIMENS Infringing Activities

9. On information and belief, SIEMENS develops, makes, uses, offers to sell, sells and services a wide array of fire detection and notification systems.

10. On information and belief, SIEMENS has infringed and is currently infringing, directly, by inducement, and/or by contributing to the infringement of, Wheelock's Patents.

11. On information and belief, SIEMENS' infringement has been and continues to be willful and with knowledge.

12. SIEMENS' infringing conduct has caused and will continue to cause WHEELOCK to suffer irreparable harm for which it has no adequate remedy at law without the issuance of an injunction by this Court.

## Demand For Jury Trial

13. WHEELOCK demands a jury trial on all claims and issues triable of right by a jury.

## Requested Relief

WHEREFORE, WHEELOCK prays that this Court enter a judgment:

A. That Wheelock's Patents have been infringed by SIEMENS, and that such infringement has been willful;

B. Preliminarily and permanently enjoining SIEMENS and their subsidiaries, affiliates, parents, successors, assigns, agents, officers and employees, and all others acting in concert with SIEMENS, from infringing, inducing infringement of, and contributing to the infringement of, Wheelock's Patents;

C. Ordering SIEMENS to pay WHEELOCK an amount that adequately compensates WHEELOCK for all damages attributable to SIEMENS' infringement, together with pre-judgment and post-judgment interest;

D. Trebling the damages award to WHEELOCK as a consequence of SIEMENS' willful infringement;

E. That this case constitutes an exceptional case pursuant to 35 U.S.C. § 285;

F. Awarding WHEELOCK its attorneys' fees, costs and expenses; and

G. Granting WHEELOCK such other and further relief as this Court deems just and proper.

Respectfully submitted,

B. Todd Patterson
Texas Bar No. 00789537
[Admission to E.D. Tex. pending]
Henry M. Pogorzelski
Texas Bar No. 2407852
[Admission to E.D. Tex. pending]
Patterson & Sheridan, LLP
3040 Post Oak Blvd., Suite 1500
Houston, Texas 77056
Ph:     (713) 623-4844
Fax:    (713) 623-4846
LEAD COUNSEL FOR PLAINTIFF


Michael G. Carroll, P.C.
102 N. College, Suite 800
Tyler, Texas 75702
Ph:     (903) 597-8001
Fax:    (903) 597-8006

By: _____
Michael G. Carroll
State Bar No. 03889300

CO-COUNSEL FOR PLAINTIFF