IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WHEELOCK, INC., § § § Plaintiffs § § v. § Civil Action No. 2-05-cv-454 § SIEMENS BUILDING TECHNOLOGIES, § INC. (d/b/a FARADAY), § § Defendant. § § | |

## SIEMENS'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Siemens Building Technologies, Inc. (d/b/a Faraday) ("Siemens") hereby answers the complaint of Plaintiff, Wheelock, Inc. ("Wheelock"), and pleads Siemens's Affirmative Defenses as follows:

### ANSWER TO COMPLAINT

1. WHEELOCK is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 273 Branchport Avenue, Long Branch, New Jersey 07740.

   **Answer:** Siemens is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies them.

2. Upon information and belief, SIEMENS is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 8 Fernwood Road, Florham Park, New Jersey 07932, and is doing business in this judicial district and elsewhere. SIEMENS may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

   **Answer:** Admitted.

  3. This civil action for patent infringement, injunctive relief and damages arises under the patent laws of the United States, Title 35, United States Code §§ 1, et seq.  This Court has exclusive jurisdiction under Title 28, United States Code, particularly §§ 1331 and 1338(a).

  **Answer:** Siemens admits that the Complaint purports to state claims for patent infringement, injunctive relief, and damages under the patent laws of the United States.  Siemens denies that Wheelock is entitled to any relief whatsoever.  Siemens does not contest jurisdiction.

  4. Venue is proper under Title 28, United States Code §§ 1391(b) and (c), and 1400(b).

  **Answer:** Siemens does not contest venue.

  5. On March 4, 1997, United States Patent No. 5,608,375, entitled "SYNCHRONIZED VISUAL/AUDIBLE ALARM SYSTEM" (the '375 patent"), was duly and legally issued to inventor Joseph Kosich.  The entire right, title and interest to the '375 patent, including the right to sue and recover for past infringement thereof, is assigned to and is owned by WHEELOCK.  The '375 patent is valid and enforceable.

  **Answer:** Siemens admits that United States Patent Number 5,608,375 issued on March 4, 1997.  Siemens denies that the '375 patent duly and legally issued to Mr. Kosich.  Siemens is without knowledge or information sufficient to form a belief as to the truth of the allegations that Wheelock owns legal interests in the '375 patent, and therefore denies them.  Siemens denies that '375 patent is valid or enforceable.

  6. On May 12, 1998, United States Patent No. 5,751,210, entitled "SYNCHRONIZED VISUAL/AUDIBLE ALARM SYSTEM" (the '210 patent"), was duly and legally issued to inventor Joseph Kosich.  The entire right, title and interest to the '210 patent,

including the right to sue and recover for past infringement thereof, is assigned to and is owned by WHEELOCK.  The '210 patent is valid and enforceable.

> **Answer**:   Siemens admits that United States Patent Number 5,751,210 issued on May 12, 1998.  Siemens denies that the '210 patent duly and legally issued to Mr. Kosich.  Siemens is without knowledge or information sufficient to form a belief as to the truth of the allegations that Wheelock owns legal interests in the '210 patent, and therefore denies them.  Siemens denies that '210 patent is valid or enforceable.

7. On November 9, 1999, United States Patent No. 5,982,275, entitled "SYNCHRONIZED VISUAL/AUDIBLE ALARM SYSTEM" (the '275 patent"), was duly and legally issued to inventor Joseph Kosich.  The entire right, title and interest to the '275 patent, including the right to sue and recover for past infringement thereof, is assigned to and is owned by WHEELOCK.  The '275 patent is valid and enforceable.

> **Answer**:   Siemens admits that United States Patent Number 5,982,275 issued on November 9, 1999.  Siemens denies that the '275 patent duly and legally issued to Mr. Kosich.  Siemens is without knowledge or information sufficient to form a belief as to the truth of the allegations that Wheelock owns legal interests in the '275 patent, and therefore denies them.  Siemens denies that '275 patent is valid or enforceable.

8. The '375 patent, the '210 patent and the '275 patent will collectively be referred to as "Wheelock's Patents."

> **Answer:**   Paragraph 8 does not require a response.

9. On information and belief, SIEMENS develops, makes, uses, offers to sell, sells and services a wide array of fire detection and notification systems.

**Answer:** Siemens admits that develops, makes, uses, offers to sell, sells and services fire detection and notification systems.

10. On information and belief, SIEMENS has infringed and is currently infringing, directly, by inducement, and/or by contributing to the infringement of, Wheelock's Patents.

**Answer:** Denied.

11. On information and belief, SIEMENS' infringement has been and continues to be willful and with knowledge.

**Answer:** Denied.

12. SIEMENS' infringing conduct has caused and will continue to cause WHEELOCK to suffer irreparable harm for which it has no adequate remedy at law without the issuance of an injunction by this Court.

**Answer**: Denied.

13. WHEELOCK demands a jury trial on all claims and issues triable of right by a jury.

**Answer:** Paragraph 13 does not require a response.

## RESPONSE TO REQUESTED RELIEF

Siemens denies that Wheelock is entitled to any relief whatsoever, whether or not prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

Siemens hereby serves the following affirmative defenses, without assuming the burden of proof where such burden does not rest with Siemens:

**First Affirmative Defense**

Siemens has not made, used, imported into the United States, offered for sale, or sold any product that infringes any claim of Wheelock's Patents or that contributes to infringement of any claim of the Wheelock patents.  Siemens has not induced others to infringe Wheelock's Patents.

**Second Affirmative Defense**

Wheelock's Patents are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Third Affirmative Defense**

Wheelock's claims against Siemens are barred by the doctrine of laches and/or equitable estoppel.

**Fourth Affirmative Defense**

Wheelock's claims for damages against Siemens for alleged infringement before the filing of the Complaint are barred in whole or in part by Wheelock's failure to comply with 35 U.S.C. § 287(a).

## PRAYER FOR RELIEF

WHEREFORE, Siemens respectfully requests that the Court:

1. Enter judgment declaring that Siemens has not infringed or contributed to or induced the infringement of any claim of Wheelock's Patents;

2. Enter judgment declaring that Wheelock's Patents are invalid;

3. Find that this case is "exceptional" within the meaning of 35 U.S.C. § 285 and award to Siemens its costs and attorneys' fees incurred in this action; and

4. Award Siemens such further relief as the Court may deem just and proper.

## JURY DEMAND

Siemens hereby demands a trial by jury on all issues.

Dated:  November 28, 2005.                                Respectfully submitted,

                                    /s/ Donald C. Templin
                                    Donald C. Templin
                                    Texas State Bar No. 19771500
                                    Attorney-in-Charge
                                    **HAYNES AND BOONE, L.L.P.**
                                    901 Main Street, Suite 3100
                                    Dallas, Texas 75202-3789
                                    Tel: 214-651-5590
                                    Fax: 214-214-0593
                                    don.Templin@haynesboone.com

                                    **OF COUNSEL:**
                                    Phillip B. Philbin
                                    Texas State Bar No. 15909020
                                    John R. Emerson
                                    Texas State Bar No. 24002053
                                    **HAYNES AND BOONE, L.L.P.**
                                    901 Main Street, Suite 3100
                                    Dallas, Texas 75202-3789

                                    **ATTORNEYS FOR DEFENDANT, SIEMENS BUILDING TECHNOLOGIES, INC., D/B/A FARADAY**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing SIEMENS'S ANSWER AND AFFIRMATIVE DEFENSES was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on the 28th day of November, 2005.

| | |
|---|---|
| B. Todd Patterson | Michael G. Carroll, P.C |
| Henry M. Pogorzelski | 102 N. College Street |
| PATTERSON & SHERIDAN, LLP | Suite 800 |
| 3040 Post Oak Blvd., Suite 1500 | Tyler, Texas  75702 |
| Houston, Texas  77056 | *via ECF and email* |
| *via ECF and email* | |

                    /s/ Donald C. Templin
                    Donald C. Templin