IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHEELOCK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. 2:05CV454 – DF |
| | § | |
| SIEMENS BUILDING | § | JURY |
| TECHNOLOGIES, INC. (d/b/a | § | |
| FARADAY) | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION FOR EXTENSION OF DEADLINES**

Defendant, Siemens Building Technologies, Inc. ("Siemens") files this motion to extend by at least one week the deadlines for responding to Plaintiff's discovery requests and claim construction submissions.  The Court should grant this Motion for the reasons that the parties are actively negotiating a settlement and denying such relief would unduly prejudice Siemens, who was required to retain new counsel two weeks ago due to its previous counsel's withdrawal from the case based on a conflict that arose after Plaintiff was acquired by Cooper Industries.  Counsel for Siemens, Bob Chiaviello, made a request for the extension to Henry Pogorzelski, counsel for Plaintiff, during a telephone conversation on Friday afternoon, May 12, 2006.  Mr. Pogorzelski informed Mr. Chiaviello that based on his client's instructions, he was not authorized to grant any time extensions in this matter and that Plaintiff would oppose Siemens' request.

First, the parties have been actively negotiating settlement terms and exchanging drafts of a letter of intent.  Siemens believes that a week's extension will provide both parties the time necessary to complete the letter of intent, which is expected to move the parties much closer to settling the case.  For the past few weeks, the parties have engaged in settlement discussions and,

with the exception of a few terms, both sides have generally agreed to a settlement. Notwithstanding this posture, Plaintiff, Wheelock, Inc. ("Wheelock"), refuses to grant a one week extension to the upcoming deadlines. Siemens believes that an agreement will be reached shortly and, therefore, to require the parties to engage in discovery, document production, and claim construction efforts, would unnecessarily increase, for both parties, the costs of this litigation.

Second, current counsel for Siemens, Fulbright & Jaworski L.L.P., was only very recently retained, and made its appearance in this case on May 1, 2006.[1] Siemens had to retain knew counsel since its previous counsel, Haynes and Boone, sought to withdrew from the case at the insistence of Cooper Industries, the new parent of the Plaintiff, Wheelock. When Siemens retained Haynes and Boone originally, Haynes and Boone represented that it had no conflicts of interest. After Haynes and Boone made an appearance and began undertaking Siemens' defense, the plaintiff, Wheelock, Inc., was acquired by Cooper Industries, also a client of Haynes and Boone.[2] While Siemens did not believe this created a conflict of interest, Wheelock's new parent insisted that it was a conflict and demanded Haynes and Boones' withdrawal. Haynes and Boone complied with Cooper Industries' demand and Haynes and Boone subsequently informed Siemens that it would withdraw from the case on April 6, 2006. Siemens then began the search for knew counsel and retained Fulbright & Jaworski on April 25, 2006. Through no fault of its own, Siemens has been prejudiced by the sudden change of representation and hopes to settle the matter soon without incurring further costs of litigation. If an agreement cannot be reached, which should be apparent within a week, Siemens will need to request a modification of all

---

[1] *See* Notice of Appearance by Robert M. Chiaviello, Jr., filed on May 1, 2006 (Exhibit "A").

[2] *See* Unopposed Motion to Withdraw as Counsel, filed on May 2, 2006 (Exhibit "B").

deadlines in the Scheduling Order to provide current counsel for Siemens adequate time to prepare for the upcoming claim construction and other matters set out in the scheduling order.

While Siemens regrets that Plaintiff will not agree to a one-week extension, and hopes that Plaintiff's refusal is not an indication of a changed position toward settlement, Siemens, believes that a one-week extension would be beneficial to both parties.  Therefore, Siemens requests that the Court grant the one week extension to all pending deadlines and further requests that the Court grant all other relief that it deem proper considering the circumstances.

Respectfully submitted,

_/s/ Robert M. Chiaviello, Jr._____
Robert M. Chiaviello. Jr. *Attorney-In-Charge*
Texas Bar No. 04190720
Email: bobc@fulbright.com
Miriam L. Quinn
Texas Bar No. 24037313
Email: mquinn@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Tel: (214)855-8000
Fax: (214)855-8200

OF COUNSEL
Nicholas H. Patton
Email: NickPatton@Texarkanalaw.com
PATTON, TIDWELL & SCHROEDER, L.L.P.
4605 Texas Blvd.
P.O. Box 5398
Texarkana, Texas 75505-5398
Tel: (903) 792-7080
Fax: (903) 792-8233

COUNSEL FOR DEFENDANT
SIEMENS BUILDING TECHNOLOGIES,
INC., (D/B/A FARADAY)

## CERTIFICATE OF CONFERENCE

      The undersigned hereby certifies that counsel for Defendant, Siemens Building Technologies, Inc., ("Siemens") on Friday, May 12, 2005 conferred with counsel for Plaintiff, Wheelock, Inc. to attempt to resolve the matter without court intervention. Counsel for Plaintiff informed Counsel for Siemens that it would not agree to the extension of any deadlines in this case, and therefore, Siemens considers this motion opposed.


                                                                                                                                              _*/s/* Robert M. Chiaviello. Jr._____
                                                                                                                                             Robert M. Chiaviello, Jr.

**CERTIFICATE OF SERVICE**

   I hereby certified that a true and correct copy of Defendant's Motion for Extension of Deadlines and the exhibits thereto was served upon all counsel of record in compliance with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas on the 15th day of May, 2006.

               _/s/_ Robert M. Chiaviello, Jr.
               Robert M. Chiaviello, Jr.